UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WINSTON BURKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV0521 ERW |
| ) | |
| VERSA-TAGS, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Winston Burke's Motion for Voluntary Dismissal [doc. #10] and Plaintiff Winston Burke's Motion for Remand to State Court [doc. #11].

## I. BACKGROUND

Plaintiff Winston Burke ("Plaintiff") filed suit against Defendant Versa-Tags, Inc. ("Defendant") on March 5, 2009 in the Circuit Court of Crawford County, Missouri. In Count I of the petition, Plaintiff alleges a claim for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq. In Count II, Plaintiff asserts a claim for age discrimination under the Missouri Human Rights Act ("MHRA"), RSMo § 213.055. Plaintiff served Defendant with the Petition on March 11, 2009. On April 2, 2009, Defendant removed the case to federal court, and on the same date, the Clerk of the United States District Court of the Eastern District of Missouri sent a letter to Mr. Brendon Fox, counsel for Plaintiff, notifying him that he would need to complete an application for admission to practice law in the Eastern District of Missouri and return it to the Clerk's office before he could appear as the attorney of record in

this case. The letter also instructed Mr. Fox to fill out the E-filing registration form on the Court's website.

Defendant subsequently filed its answer on April 8, 2009, and the Certificate of Service indicates that Defendant filed the answer electronically with the Clerk of the Court using the Case Management/Electronic Case Files system ("CM/ECF system"). However, at the time Defendant filed his answer, Mr. Fox was not admitted to practice law in front of the Eastern District, and he was not registered to receive email notifications through the CM/ECF system. Plaintiff's counsel claims that Defendant never served him with an answer. Also, on April 8, 2009, the Court issued its Rule 16 Order. The Court notified the Defendant through the CM/ECF system and notified the Plaintiff through other means.

On April 13, 2009, Attorney John Beger entered his appearance on behalf of the Plaintiff, filed a Voluntary Dismissal of Count I, and filed a Motion for Remand. Mr. Beger filed these documents electronically through CM/ECF and also served these filings on the parties through U.S. mail on the same date. Mr. Beger belongs to the same firm as Mr. Fox. In the motion, Plaintiff stated that he wished to proceed only under the MHRA claim in Count II of the complaint. He also claimed that this Court no longer had jurisdiction over the claims after the voluntary dismissal of the ADEA claim.

Defendant filed a Memorandum in Response to Plaintiff's Notice of Voluntary Dismissal [doc. #12] on April 23, 2009. Defendant filed a response to Plaintiff's Motion for Remand [doc. #14] on April 27, 2009. In these filings, Defendant argues that the Court should not grant Plaintiff's motions to dismiss and remand. Defendant alleges that Plaintiff's decision to dismiss the ADEA claim is a tactical ploy to avoid federal jurisdiction. On April 29, 2009, Plaintiff filed a

Reply to Defendant's Memorandum in Response to Plaintiff's Notice of Voluntary Dismissal [doc. #15] and argued that Plaintiff is entitled to voluntarily dismiss the ADEA claim as a matter right since Defendant never properly served Plaintiff with its answer.

## II.     Voluntary Dismissal

### A.     LEGAL STANDARD

Federal Rule of Civil Procedure 41 provides for the voluntary dismissal of an action by the Plaintiff. Fed. R. Civ. P. 41. A party may seek to dismiss an action "without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Such a dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). The rule further provides that if an answer or motion for summary judgment has been served, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). The decision of whether a plaintiff should be allowed to voluntarily dismiss his or her case "rests upon the sound discretion of the court." *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). However, there are four basic factors the 8th Circuit uses to determine if voluntary dismissal should be granted. *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987). These factors are:

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

*Id.* The Court also considers whether the dismissal would "result in a waste of judicial time and effort." *Hamm*, 187 F.3d at 950. In addition, "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Id.*

As provided by Federal Rule of Civil Procedure 41(a)(2), a court's decision to allow voluntary dismissal "may be conditioned upon the plaintiff fulfilling whatever terms and conditions the district court, in its discretion deems necessary to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice." *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994).

> In granting a motion for voluntary dismissal, district courts typically impose the condition that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit. In fact, [the Eighth Circuit] has held that under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the case is refiled.

*Belle-Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995) (internal citations omitted); *see also* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2366 (3d ed. Supp. 2009). The general purpose of conditioning a voluntary dismissal on payment of costs and fees is: "to fully compensate the defendant for reasonable expenses incurred before dismissal and to deter vexatious litigation." *EMPO Corp. v. J.D. Benefits, Inc.*, 2003 WL 21517360, at *4 (D. Minn. June 26, 2003).

**B.     Discussion**

The Court must first determine if it is proper to allow Plaintiff to voluntarily dismiss Count I of its complaint. The answer hinges on whether Defendant served Plaintiff with the answer before Plaintiff filed his motion to dismiss his ADEA claim in Count I. Rule 41 states that a

plaintiff may dismiss an action without a court order if plaintiff files a notice of dismissal before the opposing party serves plaintiff with an answer. Fed. R. Civ. P. 41(A)(1). Under the federal rules, defendant may proffer service by:

> (A) handing it to the person;
> (B) leaving it:
> > (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
> > (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
> 
> (C) mailing it to the person's last known address--in which event service is complete upon mailing;
> (D) leaving it with the court clerk if the person has no known address;
> (E) sending it by electronic means if the person consented in writing--in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or
> (F) delivering it by any other means that the person consented to in writing--in which event service is complete when the person making service delivers it to the agency designated to make delivery.

Fed. R. Civ. P. 5(b)(2). The Federal Rules also allow parties to use the local court's transmission facilities to serve documents on opposing counsel under Rule 5(b)(2)(E) if local rules authorize it. Fed. R. Civ. P. 5(b)(3). The local rules in the Eastern District allow parties to proffer service through the use of the Court's Notice of Electronic Filing system. Local Rule 5-2.12. However, this type of service is only allowed "where the person so served has consented in writing to service by such means." *Id.* "An attorney's electronic case filing constitutes written consent to such service." *Id.* In the event that Defendant serves plaintiff with an answer before plaintiff files a motion for voluntary dismissal, "...the action may be dismissed upon plaintiff's request only by court order on terms the court considers proper." Fed. R. Civ. P. 41(a)(2).

The first threshold question is to determine whether Plaintiff needs a court order to dismiss Count I of his claim. In this case, Defendant argues that Plaintiff is not entitled to voluntarily dismiss the ADEA claim under Rule 41(a)(1) because Defendant filed its answer before Plaintiff filed its motion for Voluntary Dismissal. This Court finds that Rule 41 requires Defendant to do more than merely file its answer. *See* Fed. R. Civ. P. 41(1)(A). Rule 41 requires Defendant to serve Plaintiff with its answer pursuant to one of the methods outlined in Rule 5. *See Id.*

The facts show that Plaintiff's Counsel, Mr. Fox, was a member of the Missouri bar but had not yet been admitted to practice before the United States District Court for the Eastern District of Missouri when Defendant filed its Notice for Removal on April 2, 2009. In the Notice for Removal, Defendant certified that he served Plaintiff with the notice through U.S. mail. This service was proper under Rule 5. Defendant also filed the notice electronically through CM/ECF. Upon receiving the electronic notice, the Clerks office sent Mr. Fox a letter instructing him to apply for admission to practice law in front of the Eastern District and to fill out the E-filing registration form. On April 8, 2009, Defendant filed its answer to Plaintiff's complaint electronically through the CM/ECF system. At this time Mr. Fox had still not filled out the E-filing registration. Local Rule 5-2.12 clearly states that electronic service through CM/ECF is allowed only "where the person so served has consented in writing to service by such means." *Id.* Since Mr. Fox never applied for membership or filled out the E-filing registration, Defendant's act of electronically filing the document through CM/ECF does not constitute service under the rules. In addition, Mr. Fox never consented to the electronic case filing system because he never filed anything electronically through the system prior to Defendant filing its answer. The facts also

show that Defendant failed to serve his answer in accordance with any of the other approved methods outlined in Rule 5. Based on these facts, the Court finds that Defendant did not serve Mr. Fox with an answer before Plaintiff filed his motion for voluntary dismissal.

However, an issue does arise as to whether Mr. Beger's entry of appearance on April 13, 2009 waived Plaintiff's ability to claim that Defendant did not serve Plaintiff with its answer. While issues dealing with electronic service are relatively new to federal courts, a few district courts have addressed issues involving an attorney's duty to monitor the electronic docketing system. The Courts who have addressed this issue have generally held that Plaintiff's attorney is responsible for monitoring the electronic docketing system for any new filings. *See Loredo v. Barhart*, 210 Fed. Appx. 417, 418-19 (5th Cir. 2006) (holding that service was proper because counsel consented to electronic service by registering as an ECF user); *Erholm v. MBNA Corp.*, 2006 WL 561856, *2-*3 (N.D. Ohio 2006) (The Court overruled Plaintiff's motion to strike Defendant's dispositive motion for improper service because once counsel had been served with the removal papers, it became his responsibility to monitor the docket, and under the local rules, it was up to him to make sure the Clerk's office had an accurate business and email address); *King v. Island Creek Coal, Co.*, 2004 WL 1842992, *2 (W.D. Va. 2004) (The Court found that an electronically filed document was served properly upon the plaintiff's counsel because the counsel previously submitted an electronic case filing registration with the court; the Court rejected counsel's argument that he never saw the filing because his secretary handled his email). In all of these cases, the Clerks of the Court sent an email notification of the electronic filing to the email address Plaintiff registered with the Court. *See Id.*

The Court finds that the current case is distinguishable from the facts in the above cited cases. The major difference is that Plaintiff's attorneys never received an email notification after Defendant filed its answer through CM/ECF. At the time Defendant filed the answer, the Plaintiff's attorney of record, Mr. Fox, was not registered to receive email notifications. Furthermore, Mr. Beger never received an email notification regarding the filing of Defendant's answer either before or after filing his entry of appearance on April 13, 2009. Although the facts show that Mr. Beger had previously consented to electronic service through CM/ECF, Mr. Beger was not listed as an attorney of record at the time the answer was filed. As result, the CM/ECF system was not set up to notify him of any filings. When Mr. Beger subsequently filed his entry of appearance through CM/ECF, the system did not send Mr. Beger an email notification regarding the filing of Defendant's answer. While Mr. Beger could have looked at the online docket report and realized that Defendant had filed its answer, the Court finds that this does not waive Defendant's duty to serve its answer in accordance with the Federal Rules. The facts show that Plaintiff never received an email notification through CM/ECF.

Since Plaintiff never received an email notification, the Court finds that Defendant did not properly serve its answer on Plaintiff through the CM/ECF system. In addition, Defendant offers no evidence that it served Plaintiff with the answer in one of the other approved methods provided in Rule 5. As a result, this Court finds that Defendant did not serve its answer on Plaintiff before Plaintiff filed his motion to voluntarily dismiss Count I. Plaintiff may voluntarily dismiss Count I of his claim without an order from this Court Federal Rule 41(a)(1)(A). In addition, Count I is dismissed without prejudice pursuant to Federal Rule 41(a)(1)(B).

Defendant also suggests that Plaintiff is not entitled to dismiss Count I without a court order because Defendant served Plaintiff with discovery requests prior to Plaintiff filing his motion for voluntary dismissal. Plaintiff contends that this fact is untrue and irrelevant to this case. Under the Federal Rules, Plaintiff may dismiss an action without a court order as long as the motion is filed "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(I). Rule 41 makes no references to discovery requests and whether Defendant's act of serving discovery requests cuts off Plaintiff's ability to dismiss an action without a court order. *See Id.* Defendant provides no case law to support this argument.

As a result, the Court finds that the Defendant's act of serving Plaintiff with discovery requests is not relevant to our discussion. Even if the court assumes that Defendant properly served Plaintiff with discovery requests before Plaintiff filed his motion for voluntary dismissal, this discovery request was not an answer or a motion for summary judgment. Plaintiff may voluntarily dismiss the claim without a court order as long as Plaintiff files the motion before Defendant serves Plaintiff with an answer or summary judgment motion.

Defendant also argues that Plaintiff's dismissal was blatant forum shopping because Plaintiff failed to articulate a basis for dismissing his ADEA claim. Defendant urges the court to deny Plaintiff's motion to dismiss his claim or in the alternative dismiss Plaintiff's claim with prejudice. Under Rule 41, a plaintiff may dismiss an action without a court order before a defendant serves his answer unless "the plaintiff previously dismissed any federal-or state-court action based on or including the same claim." Fed. R. Civ. P. 41(a)(1)(B). When this exception applies, the dismissal operates as an adjudication on the merits. *Id.*

9

In this case, Defendant provides no evidence that Plaintiff previously dismissed any state or federal claim involving age discrimination. As a result, the dismissal of the claim does not operate as adjudication on the merits. Since Plaintiff filed his motion to voluntarily dismiss before Defendant properly served its answer, the Court makes no determination of whether the court would grant an order under Rule 41(a)(2).

Based on these findings, the Court grants Plaintiff's Motion for Voluntary Dismissal pursuant to Rule 41(a)(1). Although no court order is required, the Court believes such an order is needed given the unique factual circumstances in this case. Pursuant to Rule 41(a)(1)(B), the Court grants Plaintiff's motion to dismiss without prejudice.

## III. Motion to Remand to State Court

### A. Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951); *Hart v. Terminex Int'l*, 336 F.3d 541, 541-42 (7th Cir. 2003) (stating that it was "regrettable" that the case had to be dismissed for lack of subject matter jurisdiction "rendering everything that has occurred in [the] eight years [of litigation] a nullity"). However, "'[f]ederal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Barzilay v. Barzilay*, 2008 WL 2952427, at *4 (8th Cir. Aug. 4, 2008) (alteration in original) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *Green v. Ameritide, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002); *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993).

Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand. *See In re Bus. Men's*, 992 F.2d at 183; *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

A federal court may retain supplemental jurisdiction over pendent state law claims even after all federal claims have been dismissed. *See* 28 U.S.C. § 1367(a). A federal court may retain jurisdiction over state law claims that are so related to the federal question claim that the claims form part of the same case or controversy under Article III of the United States Constitution. *See Id.* However, a federal court may decline to exercise supplemental jurisdiction over pendent state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When deciding whether to exercise supplemental jurisdiction District courts

should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (internal citations omitted). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). "A district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Id.* at 357.

**B.     Discussion**

After weighing the balance of factors in this case, the Court finds that this case properly belongs in state court. In this case, Plaintiff asserted two counts for age discrimination. The first count involved a federal claim brought under the ADEA, and the second count involved a state law claim brought under the Missouri Human Rights Act. Since the Court granted Plaintiff's motion to dismiss the ADEA claim, the case no longer involves a federal question. The issue now facing the Court is whether to exercise supplemental jurisdiction over the remaining state law claim.

After weighing the values of judicial economy, convenience, fairness, and comity, this Court concludes that it should not exercise supplemental jurisdiction over the remaining state law claim. In this case, the parties are still in the early stages of litigation. In addition, no federal claims exist in which this Court has federal question jurisdiction over. Since the remaining claim falls under state law, the state court judicial system provides the best forum to adjudicate this

claim. Based on these facts, this Court finds that exercising jurisdiction over the remaining claim is inappropriate. Therefore, the court exercises its discretion to remand the remaining claim to state court.

In response to Plaintiff's motion for remand, Defendant requests that this Court order Plaintiff to pay Defendant's costs and fees incurred in defending Plaintiff's motions. Defendant relies on several cases where courts have conditioned a voluntary dismissal upon plaintiff's payment of defendant's costs and attorney's fees if the case is re-filed. *See e.g., Heitert v. Mento Corp.*, 2007 WL 4051644, *2 (E.D. Mo. Nov. 15, 2007); *Porter v. ABB Power T&D, Inc.*, 2008 WL 2437940, *1 (W.D. Mo. June 13, 2008).

After comparing the facts of these cases to the current facts, the Courts finds that these cases are distinguishable. First, the cases relied on by Plaintiff involve voluntary dismissals requiring a Court order pursuant to Fed. R. Civ. P. 41(a)(2). In the present case, Plaintiff's voluntary dismissal was filed before the Defendant served Plaintiff with its answer, and as result, Plaintiff may voluntarily dismiss its claim without a court order pursuant to Fed. R. Civ. P. 41(a)(1). Since Plaintiff is entitled to dismiss its claim without a Court order, the Court does not have the authority to attach terms and conditions to this dismissal. Defendant provides no case law that suggests that the Court may attach terms and conditions to this type of voluntary dismissal.

Even if the Court could attach terms and conditions to the dismissal, it would still not grant Defendant's request. The parties are clearly in the early stages of litigation and Defendant fails to indicate any significant prejudice resulting from the dismissal. As a result, this Court denies Defendant's request for attorneys' fees and expenses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Voluntarily Dismiss Count I of the Complaint is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.

Dated this 19th Day of October, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE